62 F.3d 1414
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Armand KOCHI, a/k/a Atmond Koci, Plaintiff-Appellant,
v.
G.D. JOHNSON, Major; John Russell, Adjustment Committee
Chairman; Ben Ferguson, Captain; J.W.
Armentrout, Assistant Warden; Sarah
Chaffon, Therapist,
Defendants-Appellees,
and
Bernard KASINOFF, Doctor, Defendant.
 No. 94-7327.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 31, 1995.
Decided Aug. 9, 1995.
 
 Armand Kochi, Appellant Pro Se. Susan Campbell Alexander, Assistant Attorney General, Richmond, VA, for Appellees.
 Before WILKINS, NIEMEYER, and MICHAEL, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order denying relief on his 42 U.S.C. Sec. 1983 (1988) complaint. Our review of the record and the district court's opinion discloses that this appeal is without merit. Accordingly, we affirm substantially on the reasoning of the district court.* Kochi v. Johnson, No. CA-93-962 (W.D.Va. Oct. 26, 1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We need not determine whether the terms of the Virginia prison regulations governing segregation and wing restriction invoke a protected liberty interest cognizable under the Due Process Clause because the record clearly reflects that Appellant was given all the process he was due pursuant to Hewitt v. Helms, 459 U.S. 460, 472 (1983), with regard to the disciplinary hearings of which he complains and the punishments imposed upon him at those hearings. In addition, Appellant's conclusory claim that Defendant Ferguson imposed wing restriction upon him in violation of due process cannot withstand Defendants' sworn affidavits and materials filed in support of their summary judgment motion. See Ash v. United Parcel Serv., Inc., 800 F.2d 409, 411-12 (4th Cir.1986)
 Finally, we find that Appellant's conclusory and ambiguous claims of denial of access to the mail system, denial of the rights of free speech and press, denial of the right to petition the government for redress of his grievances, denial of his rights to communicate with nonjudicial officials and to receive information, and infliction of mental and emotional distress, while not specifically addressed by the district court, were subject to summary dismissal for failure to provide factual support or allege any resultant specific harm. See generally Strickler v. Waters, 989 F.2d 1375, 1383 (4th Cir.), cert. denied, 62 U.S.L.W. 3319 (U.S.1993); Hause v. Vaught, 993 F.2d 1079, 1084 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3452 (U.S.1994); White v. White, 886 F.2d 721, 723 (4th Cir.1989).